**ZHU LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General,[1] Respondents.**

**No. 04–2421–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lisa G. Johnston, Sean H. Lane, Assistant United States Attorneys, of Counsel, New York, New York, for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Zhu Lin, through counsel, petitions for review of the BIA's April 2004 decision affirming Immigration Judge ("IJ") Barbara A. Nelson's denial of her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not eligible for relief and, without rejecting any of the IJ's reasoning, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). The Court reviews questions of law *de novo*, including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted).

In addition, a petitioner must administratively exhaust his or her claims before raising them in a petition for review. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Here, we do not review Lin's argument that the IJ erred by not taking *sua sponte* administrative notice of extra-record documents because it was not exhausted before the BIA. Lin's related argument that the BIA erred for the same reasons is flawed, where her case was reopened and remanded specifically in order for her to provide additional evidence of her family planning claim, but she failed to do so. Although the agency has an obligation to establish the record, *Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir.2002), it is incumbent upon the applicant to prove her eligibility for relief under 8 C.F.R. § 1208.13(a).

We find no error in the IJ's analysis of the State Department Report, and no reason to take judicial notice of current country conditions in China. Moreover, as the government suggests, this Court has held that a petitioner must show more than uncorroborated testimony of general conditions in China to overcome the State Department's indication that there is no official policy of forced sterilization. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).